{¶ 1} Defendant-appellant, Michael Patterson ("Patterson"), appeals the decision of the Cuyahoga County Court of Common Pleas denying his request to modify a previously imposed sentence which, in part, permanently revoked his driving privileges. For the reasons stated below, we affirm the decision of the trial court.
 I. {¶ 2} On July 16, 1992, Patterson was indicted on four counts of aggravated vehicular assault, in violation of R.C. 2903.08, and two counts of aggravated vehicular homicide, in violation of R.C. 2903.06. On January 19, 1993, Patterson pled guilty to two amended counts of aggravated vehicular homicide, with the specification that he was under the influence of alcohol at the time of the offense.[1] In return for Patterson's plea, the remaining counts were nolled. Patterson was sentenced to concurrent sentences of four to ten years, to run concurrently with a sentence previously imposed.[2] In addition to the sentence imposed, the trial court permanently revoked Patterson's driver's license.
 {¶ 3} In September 2002, Patterson was released from prison after having served ten years. On December 24, 2002, the trial court denied Patterson's request that it "lift the sentence of suspension."[3] From this order, Patterson advances one assignment of error.
 II. {¶ 4} In his sole assignment of error, Patterson argues that the "court has failed to take into consideration specific statutory authority pursuant to Ohio Revised Code Section 4507.16 F(2) [sic]." We disagree.
 {¶ 5} R.C. 2903.06(A) provides that "no person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another * * * in any of the following ways: (1) as the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code * * *."[4] The record indicates that Patterson pled guilty to two counts of aggravated vehicular homicide, with the specification that he was under the influence of alcohol at the time of the offense. Therefore, Patterson pled guilty to aggravated vehicular homicide under R.C. 2903.06(A)(1). R.C. 2903.06(B)(1) provides that "whoever violates division (A)(1) or (2) of this section is guilty of aggravated vehicular homicide and shall be punished as provided in divisions (B)(1)(a) and (b) of this section." R.C. 2903.06(B)(1)(a) reads that "in addition to any other sanctions imposed, the court shall permanently revoke the offender's driver's license * * * pursuant to section 4507.16 of the Revised Code."
 {¶ 6} Further, R.C. 4507.16(D)(1) states that "the trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall permanently revoke the driver's * * * license * * * of any person who is convicted of or pleads guilty to a violation of section * * * 2903.06 of the Revised Code * * *." As stated above, Patterson pled guilty to two counts of aggravated vehicular homicide in violation of R.C. 2903.06. Therefore, the trial court was statutorily obligated to permanently revoke Patterson's license and it continues to be without statutory authority to modify that suspension.
 {¶ 7} In fact, Patterson acknowledges that "Ohio trial courts do not possess the inherent authority to suspend, cancel, or modify a criminal sentence once that sentence has been executed, absent specific statutory authority to do so." State v. Rowe (1997), 118 Ohio App.3d 121,123. R.C. sections 2903.06(B) and 4507.16(D), which mandate the suspension of the driver's license, do not provide the opportunity for any mitigating factors to be considered by the trial court.[5]
Patterson argues, however, that R.C. 4507.16(F)(2) provides statutory authority to modify his sentence.[6] Unfortunately, Patterson has incorrectly analyzed the statutory provisions on which he relies.
 {¶ 8} R.C. 4507.16(F)(2) reads in relevant part: "Any other person who is not described in division (F)(1) of this section whose driver's * * * license * * * has been suspended under any of those divisions may file a petition that alleges that the suspension would seriously affect the person's ability to continue the person's employment."
 {¶ 9} R.C. 4507.16 is entitled "Suspension or revocation of license by trial judge or mayor; ignition interlock order." Subsection (A)(2) provides that:
"Subject to division (D)(1) of this section, the trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall suspend the driver's or commercial driver's license or permit or nonresident operating privilege of any person who is convicted of or pleads guilty to a violation of section2903.06 or 2903.08 of the Revised Code. The suspension shall be for the period of time specified in section 2903.06 or 2903.08 of the Revised Code, whichever is applicable."
 {¶ 10} Division (D)(1) states that "the trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall permanently revoke the driver's * * * license * * * of any person who is convicted of or pleads guilty to a violation of section 2903.04 or 2903.06 of the Revised Code in a case in which division (D) of section 2903.04 or division (B) of section 2903.06
of the Revised Code requires the judge to permanently revoke the license, permit, or privilege."
 {¶ 11} The record clearly indicates that Patterson pled guilty to two counts of aggravated vehicular homicide under R.C. 2903.06. The trial judge was required to permanently revoke his license. Patterson's reliance on R.C. 4507.16(F)(2) is misplaced. R.C. 4507.16(F), and the remaining portions of R.C. 4507.16, address the myriad of suspension and revocation penalties available to Ohio courts. R.C. 4507.16(F) does not address the penalties associated with aggravated vehicular homicide. The trial court properly denied Patterson's request, as it was without statutory authority to modify the sentence imposed.
 {¶ 12} Appellant's assignment of error is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Cuyahoga County Case No. CR-283353.
[2] Cuyahoga County Case No. CR-274738.
[3] The trial court noted that Patterson's request failed to comply with the requirements of a motion under the criminal rules of procedure. Nonetheless, the court construed Patterson's request to be a motion and considered the merits of same.
[4] R.C. 4511.19 concerns the operation of a motor vehicle while intoxicated.
[5] Patterson argues his factors include work, education, and the medical assistance of a loved one.
[6] We note that the State of Ohio neither addressed, nor even mentioned, R.C. 4507.16(F)(2), in its appellee brief.